Thomas E. Walling (SBN 186878)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 1100
Irvine, California 92614
Telephone:  949.862.4605
Facsimile:   901.492.5641
thomas.walling@fedex.com

Attorney for Defendant
FEDERAL EXPRESS CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA HERNANDEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL EXPRESS CORPORATION, a Delaware corporation; <br><br> MAYA FRANKLIN, an individual; and <br><br> DOES 1 to 50, inclusive, <br><br> Defendants. | **Case No. 2:26-cv-02110** <br><br> [Los Angeles County Superior Court Case No. 26STCV03248] <br><br> **DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446** <br><br> **[DIVERSITY JURISDICTION]** <br><br> Complaint Filed:  February 2, 2026 <br> Trial Date:          None |

(326017)                                        1

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

**TO PLAINTIFF ELSA HERNANDEZ, HER ATTORNEY, AND THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the fraudulent joinder doctrine, Defendant Federal Express Corporation (hereinafter "Defendant" or "FedEx") hereby removes the above-captioned action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California.

This removal is based on diversity jurisdiction and the fraudulent joinder doctrine. As set forth below, this case meets the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. For these reasons Plaintiff cannot avoid this Court's jurisdiction.

As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of the State of California, County of Los Angeles, and serving upon Plaintiff and his counsel of record, a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with these removal papers.

In support of this Notice of Removal, Defendant states the following:

## I. JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount of controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets each requirement of section 1332 for removal and is timely and properly removed by the filing of this Notice. Furthermore, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3), 1391 and 1446.

///

///

## II.   STATE COURT PROCEEDINGS

2.     On February 2, 2026, Plaintiff Elsa Hernandez ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled *Elsa Hernandez v. Federal Express Corporation, et al.*, LACSC Case No. 26STCV03248. (Declaration of Thomas E. Walling, ("Walling Decl."), at ¶ 2, **Exh. 1**.) Plaintiff sues corporate defendant Federal Express Corporation and individual defendant Maya Franklin. Plaintiff alleges the following causes of action against the corporate defendant: (1) Disability Discrimination; (2) Failure to Accommodate Disability; (3) Failure to Engage in a Good Faith Interactive Process; (4) Retaliation in Violation of FEHA; (5) Retaliation in Violation of Cal. Labor Code § 1102.5; (6) Failure to Take All Reasonable Steps to Prevent Harassment, Discrimination, and Retaliation; (7) Wrongful Termination in Violation of Public Policy; (8) Intentional Infliction of Emotional Distress; (9) Failure to Produce Employment Documents, Personnel File, and Records; (10) Failure to Produce Payroll Documents and Records; and (11) Unfair / Unlawful / Fraudulent Business Practices.

3.     As against the individual defendant Maya Franklin (hereinafter "Individual Defendant" or "Franklin"), Plaintiff alleges two causes of action: Retaliation in Violation of FEHA (Fourth Cause of Action), and Intentional Infliction of Emotional Distress (Eighth Cause of Action). (*See* Complaint, at ¶¶ 65-72, and ¶¶ 98-103.)

4.     Plaintiff seeks an unspecified amount of compensatory and actual damages, including loss of past and future earnings, employment benefits, and job opportunities/career advancement opportunities (Comp., ¶¶ 30, 44, 54, 63, 70, 79, 86, 94, 96, and 132); and embarrassment, anxiety, humiliation, mental anguish, and emotional and physical distress. (Comp., ¶¶ 43, 54, 63, 70, 79, 94, 96, 102, and 132.) Plaintiff also seeks punitive damages (Comp., ¶¶ 37, 45, 55, 64, 71, 80, 87, 97, 103, and 132j ); reasonable attorneys' fees and costs (Comp., ¶¶ 37, 46, 72, 81, 88, 109, 111, 117, 119, 130 and 132i-j); statutory fines (Comp., ¶¶ 111 and 119); pre-judgment interest (Comp., ¶ 132g), and for such other relief as the court may deem proper. (Comp.,

¶ 132k.)

5.    On February 4, 2026, Plaintiff served Federal Express Corporation by mailing a copy of the Summons and Complaint, and related papers, to in-house attorneys with FedEx, with a Notice of Acknowledgement and Receipt; counsel for FedEx signed and return the Notice and Acknowledgement of Receipt on February 24, 2026, and filed its Answer on February 24, 2026. (Walling Decl., at ¶ 2.)

6.    Pursuant to 28 U.S.C. § 1446(d), **Exhibits 1-8** attached to the Declaration of Thomas E. Walling constitute all process, pleadings, and orders filed in this action. (Walling Decl., at ¶¶ 3-4.)

## III.    THE INDIVIDUAL DEFENDANT SHOULD BE DISREGARDED FOR PURSPOSES OF DIVERSITY JURISDICTION BECAUSE SHE IS FRADULENTLY JOINED—I.E., A SHAM DEFENDANT

7.    As to the Individual Defendant Franklin, Plaintiff asserts two causes of action: Retaliation in Violation of FEHA (COA #4) and Intentional Infliction of Emotional Distress (COA #8). Neither of these claims has merit.

8.    The law is clear that a defendant may remove a case with a non-diverse defendant based on diversity jurisdiction by demonstrating that the plaintiff fails to state a cause of action against a resident defendant. A defendant may do so by presenting facts showing that the joinder is fraudulent. (*Good v. Prudential Ins. Co. of Am.,* 5 F. Supp. 2d 804, 806-07 (N.D. Cal. 1998) [finding that joinder of a non-diverse defendant was fraudulent and would not preclude removal].)

9.    In determining whether a plaintiff has failed to state a cause of action, a court must assess "the pleadings that exist at the time of removal and the possible claims that have any viability given the facts actually pled—not hypothetical factual scenarios not contained in the pleadings." (*Medrano v. Genco Supply Chain Sols.*, No. 1:10-cv-01555-LJO-SKO, 2011 WL 92016, at *13 (E.D. Cal. Jan. 11, 2011), *report and recommendation adopted*, No. 1:10-cv-01555-LJO-SKO, 2011 WL 346523 (E.D. Cal. Feb. 1, 2011).) However, district courts may consider "the facts showing the joinder to

(326017)                4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

be fraudulent" alleged by a defendant and may look beyond the pleadings, including at declarations and affidavits. (*Duran v. DHL Express (USA), Inc.*, No. CV 15-09965-BRO (Ex), 2016 WL 742864, at *6 (C.D. Cal. Feb. 24, 2016).)

10.    Here, the only allegations Plaintiff makes against Franklin are: that after Plaintiff reinjured her back while showering sometime in December of 2024, she was "placed on modified restrictions ***by her physical therapist*** [emphasis added]," who "instructed her to rest and take a few days off to recover," conveniently the week of Christmas through New Years Eve. (Comp., ¶¶ 22-23.) Although Plaintiff alleges that Franklin said that she "didn't care if Plaintiff was on Workers' Comp," as purported evidence of callous disregard of Plaintiff's condition, this was said in the context of Plaintiff refusing to return to her modified work for several days and refusing to provide a doctor's note putting her off work, insisting she was entitled to take time off work without complying with attendance policies because she had filed a worker's compensation claim. (Comp., at ¶¶ 29, 43, 55, 64, 69 and 101.) Franklin was clearly expressing that she did not care of Plaintiff was on Worker's Comp, Plaintiff still had to comply with FedEx's attendance policies, which includes providing a doctor's note for Plaintiff's absences when she was supposed to report for her scheduled modified/light duty work. Plaintiff admits that Franklin "insisted that Plaintiff provide a doctor's note" putting her off of work "despite ***her therapist's*** confirmation that she was in active treatment [emphasis added]," but never alleges that she ever provided a doctor's note, merely alleging that her absences were "medically necessary and related to her work injury," with no doctor's note confirming the absences were "medically necessary." (Comp., at ¶¶ 25 and 29.) Just because an employee filed a worker's compensation claim does not give that employee license to take time off whenever they want without a doctor's note.

11.    Because Plaintiff did not have a doctor's note excusing her from work, and she had numerous unpaid call-offs in a row, Franklin insisted Plaintiff return to work under the restrictions provided by her doctor, and accommodated by FedEx, and when

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(326017)                                        5

she did not Franklin prepared multiple "Documented Discussions" for unpaid absences between December 23 and December 31, 2024. (Comp., ¶ 23.) When Plaintiff refused to provide a doctor's note for these absences, FedEx suspended Plaintiff pending termination of her employment on January 2, 2025, for failing and refusing to provide a doctor's note for her missed days of work, and then terminated her employment on January 10, 2025. (Comp., ¶¶ 25, 26 and 101.) Plaintiff's allegations ignore her admission that her medical restrictions *were* being accommodated (Comp., ¶ 22), and that Plaintiff did not have a doctor's note excusing her absences. (Comp., ¶ 29.) These allegations on their face are insufficient to state any cognizable cause of action against individual Defendant Franklin, and Plaintiff has named her as a defendant in an obvious attempt to escape diversity jurisdiction.

**A.      Plaintiff Does Not Allege Sufficient Facts to Support a Retaliation Claim Against the Individual Defendant**

12.    The cause of action for retaliation fails because the California Supreme Court has held that an individual supervisor is not individually liable for retaliation under FEHA. (*Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1173-1174 ["[W]e conclude that the employer is liable for retaliation under section 12940, subdivision (h), **but nonemployer individuals are not personally liable for their role in that retaliation** [emphasis added]."].) Thus, the law is clear that Plaintiff cannot maintain a cause of action against the individual defendant Franklin for retaliation because Franklin is not an employer. This is a frivolous claim.

**B.      Plaintiff Does Not Allege Sufficient Facts to Support a Claim Against the Individual Defendant for Intentional Infliction of Emotional Distress**

13.    Likewise, Defendant Franklin would not be liable under the facts alleged for intentional infliction of emotional distress ("IIED"), COA #8, because the only fact alleged is that Ms. Franklin allegedly stated that she "didn't care if Plaintiff was on Workers' Comp" and insisted Plaintiff return to work "despite clear medical restrictions" placed on Plaintiff *by her physical therapist*, and then terminated Plaintiff

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(326017)                                          6

for unexcused absences when Plaintiff did not produce a doctor's note excusing her absences. (Comp., ¶¶ 22, 29 and 101.) It is noteworthy that <u>a physical therapist is not a "health care provider" under California law</u> and is not authorized to put Plaintiff off work. (See Govt. Code 12945.2 ["health care provider" means an individual holding either a physician's and surgeon's certificate or an osteopathic physician or surgeon's certificate issued by the state].) FedEx had light duty work for Plaintiff to perform, consistent with her restrictions from her *doctor* (which Plaintiff admits were being accommodated, see Comp., ¶ 22), and Plaintiff's supervisor properly expected her to come to work as scheduled for her light duty work or provide a doctor's note putting her off of work; the mere fact that she had filed a worker's compensation claim did not allow her to simply decide to take a week off, especially since FedEx had already accommodated her and provided work for her within the restrictions identified by her doctor. (Comp., ¶¶ 22 and 29.) Plaintiff, however, neither came to work nor provided a doctor's note excusing her multiple absences.

14.    Further, courts have consistently ruled that personnel management decisions, including termination, even if undertaken with discriminatory or retaliatory motives, do not rise to the level of "outrageous conduct" required to sustain an IIED claim. (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80 ["personnel management decisions" cannot support a claim of intentional infliction of emotional distress even if undertaken with discriminatory motive]; *Cornell v. Berkeley Tennis Club* (2017) 18 Cal.App.5th 908, 945-946.) Here, all Defendant Franklin did was require a doctor's note for Plaintiff's unexcused absences, in accordance with FedEx attendance policies, and then terminated her employment when Plaintiff failed and refused to provide a doctor's note for her multiple unexcused absences. Such conduct is clearly within the purview of "personnel management decisions," and Defendant Franklin cannot be held personally liable for such conduct.

15.    As neither of Plaintiff's claims against the individual defendant Maya Franklin have merit, Plaintiff clearly named the Individual Defendant solely to have a

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(326017)                                7

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

California defendant to defeat diversity and thereby avoid the rightful forum for her claims against FedEx Express in federal court.

## IV. FEDERAL EXPRESS CORPORATION HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Timeliness

16. Pursuant to 28 U.S.C. § 1446(b), "[A] notice of removal may be filed within thirty days after receipt by the defendant, though service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may be first be ascertained that the case is one which is or has become removable." The 30-day removal period runs when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3). As is set forth above, Plaintiff served the Complaint on FedEx by mailing a copy of the Summons and Complaint to one of FedEx's in-house attorneys on February 4, 2026. (Walling Decl., at ¶ 2.) Therefore, removal is timely, as the action is being removed within the thirtieth day of service and within one year after commencement of this action in accordance with 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a)(1)(C).

### B. Venue

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 because this action was originally filed in Los Angeles Superior Court, located within the Central District. Venue of this action is also proper pursuant to 28 U.S.C. § 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a).

### C. Procedural Requirements

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached as **Exhibits 1-8** to the Declaration of Thomas E. Walling in Support of this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all removal papers attached, is being served upon counsel for the Plaintiff and a copy is being filed with the Clerk of the Superior Court

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(326017)                                8

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

in Los Angeles County and with the Clerk of the Central District of California. (Walling Decl., at ¶ 4.)

## V.   DEFENDANT HAS SATISIFED THE REQUIREMENTS FOR DIVERSITY JURISDICTION

### A.   There Exists Diversity Between the Parties

19.   Citizenship of the FedEx Defendant: A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Defendant Federal Express Corporation was incorporated in Delaware with its principal place of business in Memphis, Tennessee. (Declaration of Shahram A. Eslami at ¶ 3). Accordingly, FedEx is a citizen of the States of Delaware and Tennessee.

20.   Citizenship of Plaintiff. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges he, at all times relevant to this action, resided in the County of Los Angeles, State of California. (Comp., at ¶ 1.) Accordingly, Plaintiff is a citizen of California.

21.   The citizenship of fictitiously-named "Doe" defendants is to be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(a). Moreover, "Doe" defendants named but not served are not joined in this Notice of Removal. *Savelson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

22.   Plaintiff served the Complaint on defendant Federal Express Corporation, which consents to this removal. (Walling Decl., at ¶ 5.)

23.   Therefore, under 28 U.S.C. § 1332(a), this action is between parties who are citizens of different states: Plaintiff, a citizen of California, and Defendant Federal Express Corporation, which is a citizen of Delaware and Tennessee. Once the foregoing minimal diversity has been established, removal is proper under 28 U.S.C. § 1332(d).

(*Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).)

### B. The Amount In Controversy Exceeds $75,000

24. Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, "[i]n measuring the amount of controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.").)

25. The Complaint does not indicate a total amount of damages claimed; consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. (*Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996), *amended* 102 F.3d 398, 404 (9th Cir. 1996).) The arguments and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. (*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002), citing *Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969).) Evidence establishing the amount is required only if the plaintiff, or court, challenges the defendant's allegations. (*See, Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").) Here, there is no question the amount claimed by Plaintiff exceeds the amount in controversy.

///

26.    <u>Lost Wages</u>. Plaintiff seeks lost past and future earnings. (Complaint, ¶ 24.) Plaintiff's employment was terminated for repeated unauthorized, unpaid absences after she called off of work for several days in a row the week of Christmas 2024 through New Year's Eve, for which she did not have sick time or other paid time off available, and for which she refused to provide a doctor's note, claiming she that her physical therapist had told her to take a few days off for her work-related injury, despite her doctor's release to work with light-duty restrictions that she admitted were being accommodated. (Compl., ¶¶ 21-24.) When she was asked to provide a doctor's note for her absences, she was unable or unwilling to do so, and refused to sign the Documented Discussions forms given to her for her absences. Because she had multiple unexcused absences, she was in violation of FedEx's attendance policies and her employment was terminated on January 10, 2025. (Compl., ¶¶ 25-26.) At the time of her termination, Plaintiff was a part-time employee earning $19.75 per hour. (Adams Decl., ¶ 3.) Assuming Plaintiff averaged 20-hours per week, her average weekly earnings amount to approximately $395.00 ($19.75 x 20 hours). (Adams Decl., ¶ 4.) Assuming *arguendo*, Plaintiff were to recover back wages from the day she was terminated until the present, this 13-month / 58-week period would equal approximately $22,910.00. If the case proceeds to trial a year from now, and Plaintiff remains unemployed, her back pay claim will be around **$43,450** (110 weeks x $395.00). In addition, front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the two years after trial, the amount of future wages in controversy in this case would total at least an additional **$41,080.00** in wages (104 weeks x $395.00). The combined back pay and front pay claims would total **$84,53.00**. Accordingly, Plaintiff's claim for lost wages alone is sufficient to satisfy the amount in controversy for purposes of diversity

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

jurisdiction.

27.     Emotional Distress. Plaintiff's claims for emotional distress are likewise properly considered in determining the amount in controversy. Although Plaintiff does not specify an amount, relatively recent cases illustrate that emotional distress damages alone in employment related claims may greatly exceed the minimum statutory amount in controversy. For example, a jury in Sacramento County awarded a plaintiff $400,000 for his past pain and suffering, on causes of action for retaliation, failure to prevent retaliation, failure to provide reasonable accommodation and failure to engage in the interactive process. (*Weyhe v. Wal-Mart Stores, Inc.*, No. 34-2008-00030876, 2010 WL 3411462 (Jul. 1, 2010).) Similarly, in *Hernandez v. Regents of the University of California*, No. RG06272564, 2009 WL 6045700 (2009), a jury in Alameda County issued a $266,347 award for pain and suffering to a plaintiff-employee who determined that the plaintiff's employer wrongfully terminated her in retaliation for demanding reasonable accommodations.

28.     Attorneys' Fees. Plaintiff alleges five of her eleven causes of action for violations of provisions of the California Fair Employment & Housing Act ("FEHA"), and alleges she is entitled to attorneys' fees for each of those claims. FEHA allows a prevailing plaintiff to recover attorneys' fees. (Cal. Gov. Code § 12965(b).) The Ninth Circuit held "a court must include future [post-removal] attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy was met." (*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).) Although the amount in controversy is satisfied even without considering attorneys' fees, Plaintiff's demand for attorneys' fees further increases the amount in controversy above the $75,000 threshold.

29.     Other Damages. Plaintiff also seeks an award of punitive damages and open-ended relief as "such other and further relief as the Court may deem proper." These additional, unspecified damages claims also must be considered in determining the amount in controversy. (*See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238,

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(326017)                                    12

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount"); *see also*, *Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he plead in the complaint that he did not assert a claim in excess of $75,000).)

30. It does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. (*Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (internal quotations and citation omitted).) Thus, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.00.

31. Based upon the foregoing, Plaintiff's claims exceed the $75,000 jurisdictional limit of this Court required by the diversity statute. Additionally, as set forth above, this is a civil action between citizens of different states. Consequently, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and one that is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), Defendant Federal Express Corporation removes this case from the California Superior Court for the County of Los Angeles to the United States District Court, Central District of California.

DATED: February 25, 2026                    Respectfully submitted,


By: */s/ Thomas E. Walling*
Thomas E. Walling
Attorney for Defendant
FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(326017)                              13

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

## CERTIFICATE OF SERVICE

*Elsa Hernandez v. Federal Express Corporation, et al.*
U.S. Central District of California Court Case No.: 2:26-cv-02110

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614.

On February 27, 2026, I served the within document(s): **DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446**

☒ With the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below.

☐ by transmitting via email the document(s) listed above to the email address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

Marcia Guzmán, Esq.
Victoria Tokar, Esq.
**GUZMÁN & TOKAR LLP**
440 N. Barranca Avenue, Suite 1354
Covina, CA 91723
Telephone: (213) 347-4529
Facsimile: (213) 342-6329
Email: marcia@guzmanandtokar.com ; service@guzmanandtokar.com ;
lupe@guzmanandtokar.com ; jairo@guzmanandtokar.com ;
kristina@guzmanandtokar.com ; maria@guzmanandtokar.com ;
santiago@guzmanandtokar.com ; pame@guzmanandtokar.com
**Attorney for Plaintiff, *ELSA HERNANDEZ***

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 27, 2026, at Irvine, California.

*/s/Marissah Lopez*
Marissah Lopez

(322361)