UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-02110-WLH-SSC | Date | May 18, 2026 |
|---|---|---|---|
| Title | *Elsa Hernandez v. Federal Express Corporation et al* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND [11]**

The Court is in receipt of Plaintiff Elsa Hernandez's Motion to Remand (the "Motion"). (Mot., Dkt. No. 11). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 12 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for May 22, 2026, is **VACATED**, and the matter is taken off calendar. For the reasons explained herein, the Court **GRANTS** the Motion.

I.    **BACKGROUND**

Plaintiff filed the instant action on February 2, 2026, in the Superior Court of California, County of Los Angeles against Defendants Federal Express Corporation ("FedEx"), Maya Franklin, and Does 1 through 100, inclusive (collectively, "Defendants"). (Notice of Removal ("Notice"), Dkt. No. 1 at 3; *see also* Complaint, Ex. 1, Dkt. No. 1-2). The Complaint asserts eleven causes of action: (1) "Disability Discrimination"; (2) "Failure to Accommodate Disability"; (3) "Failure to Engage in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

Good Faith Interactive Process"; (4) "Retaliation in Violation of FEHA"; (5) "Retaliation in Violation of Cal. Labor Code § 1102.5"; (6) "Failure to Take All Reasonable Steps to Prevent Harassment, Discrimination, and Retaliation"; (7) "Wrongful Termination in Violation of Public Policy"; (8) "Intentional Infliction of Emotional Distress"; (9) "Failure to Produce Employment Documents, Personnel File, and Records"; (10) "Failure to Produce Payroll Documents and Records"; and (11) "Unfair / Unlawful / Fraudulent Business Practices." (*See generally*, Notice, Ex. A, Compl.).  Plaintiff alleges two causes of action:  (1) "Retaliation in Violation of FEHA" and (2) "Intentional Infliction of Emotional Distress" against Defendant Maya Franklin.  (*See* Complaint ¶¶ 65-72, 98-103).  The Complaint and Summons were served on FedEx on February 4, 2026.  (Declaration of Thomas E. Walling ("Walling Decl.") ¶ 2.).  To date, Defendant Maya Franklin has not been served a copy of the Summons and Complaint and has not appeared.  (*See generally* Dkt.).  On February 27, 2026, FedEx removed the action to this Court, basing removal on diversity jurisdiction and the fraudulent joinder doctrine. (*See generally* Notice).  On March 17, 2026, Plaintiff filed the First Amended Complaint adding a cause of action for "Harassment on the Basis of Disability" against all Defendants and dropping the claim for "Retaliation in Violation of FEHA" as to Defendant Maya Franklin only.  (FAC ¶¶ 71-83, Dkt. No. 10).

That same day, Plaintiff filed the instant Motion to Remand.  (Mot.).  On May 4, 2026, FedEx untimely filed an Opposition the Motion (Opp'n, Dkt. No.  15)[1], and Plaintiff timely replied to the Opposition on May 8, 2026.  (Reply, Dkt. No. 17).

---

[1] The Court admonishes FedEx for failing to file the Opposition timely in accordance with the Local Rules. *See* Local Rule 7-9, 7-10.  Nevertheless, the Court exercises its discretion and will consider the merits of the Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). For purposes of diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)–(a)(1). "[T]he burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)).

A defendant may remove a civil action on the basis of diversity jurisdiction and seek to persuade the district court that a non-diverse defendant was fraudulently joined. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). "[I]n most cases, fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id*. "Under such circumstances, the court may disregard the joinder and retain jurisdiction." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D.Cal.1979), *aff'd*, 710 F.2d 549 (9th Cir.1983).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

claim of fraudulent joinder should be denied if there is any possibility that a plaintiff may prevail on the cause of action against an in-state defendant. *See id.* at 1008, 1012. "The standard is not whether [a] plaintiff will actually or even probably prevail on the merits, but whether there is a possibility that [she] may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (*quoting Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42–43 (5th Cir. 1992)).

### III.   DISCUSSION

Plaintiff moves to remand for two independent reasons. First, Plaintiff argues that the First Amended Complaint, filed after the Notice, "asserts a claim for Harassment on the Basis of Disability against [Defendant Maya] Franklin individually under California Government Code §12940(j)(1)."[2] (Mot. at 3). Second, Plaintiff argues that she also asserts a viable claim for "Intentional Infliction of Emotional Distress" against Defendant Maya Franklin arising from her alleged "openly hostile conduct toward a disabled employee." (*Id.* at 7-9). For the reasons stated below, the Court concludes that removal was improper. Therefore, Plaintiff's Motion is **GRANTED**.

FedEx contends that Defendant Maya Franklin is a sham defendant, because Plaintiff fails to allege sufficient facts to support a claim for Intentional Infliction of

---

[2] Because " the right of removal is determined by the pleadings as they stand when the petition for removal is filed," the Court will not consider this argument as a basis for remand. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989) (*quoting Smith v. City of Picayune*, 795 F.2d 482, 485 (5th Cir.1986)); *see also* C. Wright & A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3739, at 580–81 (2d ed. 1985) ("Whether an action should be remanded must be resolved by reference to the complaint at the time the petition for removal was filed.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

Emotional Distress.[3] (Notice at 6-7). FedEx argues that Defendant Maya Franklin "would not be liable under the facts alleged for intentional infliction of emotional distress," because Plaintiff fails to state a claim against Defendant Maya Franklin. (Notice at 6). Specifically, FedEx argues that Defendant Maya Franklin's request that Plaintiff provide a doctor's note justifying her unexcused absences as well as Plaintiff's subsequent firing upon her refusing this request, do not rise to the level of "outrageous conduct" required to sustain a claim for Intentional Infliction of Emotional Distress. (*Id.* at 7). FedEx further contends that "[t]he law is clear that a defendant may remove a case with a non-diverse defendant based on diversity jurisdiction by demonstrating that the plaintiff fails to state a cause of action against a resident defendant." (*Id.* at 4).

FedEx's argument egregiously misapplies the applicable legal standard. "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015). The defendant must demonstrate that the complaint cannot be amended to add additional allegations correcting the deficiencies. *See id.* at *5. "[A]ny doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand." *Milinkovich v. FCA US LLC*, No. CV 19-3120-JFW(MRWX), 2019 WL 2484084, at *2 (C.D. Cal. June 14, 2019).

FedEx does not establish that "the complaint cannot be amended to add additional allegations correcting the deficiencies" and fails to demonstrate that fraudulent joinder

---

[3] FedEx contends that Plaintiff fails to allege sufficient facts to support a retaliation claim against Defendant Maya Franklin. (Notice at 6-7). But because this claim was dropped against Defendant Maya Franklin in the FAC, the Court does not consider this argument because it is now moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

exists because there is *no* possibility that Plaintiff may prevail on her claims against Defendant Maya Franklin. *Martinez*, 2015 WL 4337059 at *5. Because FedEx fails to carry its heavy burden of persuasion, the Court cannot find removal appropriate on the basis of the fraudulent joinder doctrine.[4]

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. This matter is hereby **REMANDED** to Superior Court of California, County of Los Angeles, because the Notice fails to offer a proper basis for removal. Because there are no pending issues for the Court to resolve, the matter is deemed closed. The Court **ORDERS** the Clerk to vacate any pending dates and close the case.

**IT IS SO ORDERED.**

---

[4] Because FedEx fails to remove on the basis of the fraudulent joinder doctrine and Defendant Maya Franklin is an in-state defendant, complete diversity does not exist. Accordingly, the Court declines to address the remaining arguments.